**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEPHEN MORAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CV-413-JED-FHM |
| v. ) | |
| ) | |
| UNKNOWN NURSE #1; TULSA ) | |
| COUNTY JAIL, a/k/a DAVID L. MOSS ) | |
| CRIMINAL JUSTICE CENTER; TULSA ) | |
| COUNTY; TULSA COUNTY SHERIFF'S ) | |
| OFFICE; STANLEY GLANZ; ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**I.   Background**

Plaintiff initiated this litigation in state court, and the action was subsequently removed based upon federal question jurisdiction, because the plaintiff included a claim under 42 U.S.C. § 1983 in his Petition. Plaintiff alleges that he suffered significant injury to his hand while he was in the David L. Moss Correctional Center, which is also known as the Tulsa County Jail (hereafter Jail). Plaintiff asserts that he injured his hand during a fight with another inmate and, although he requested treatment, 11 days passed before the Jail x-rayed his hand, and he was released from the Jail, without treatment, the following day. When he sought treatment following his release, he was informed by a physician that, because of the delay in treatment, his hand would require surgery. Plaintiff brought suit against an unnamed nurse, the "Tulsa County Jail," and Tulsa County. He subsequently amended, with leave of Court, and his Amended Complaint asserted additional causes of action against the Tulsa County Sheriff's Office and Stanley Glanz, as the Sheriff of Tulsa County. All defendants (with the exception of the

unnamed nurse, who has obviously not been served or appeared in this action) seek dismissal of plaintiff's complaints.

## II. Dismissal Standards

In considering a Rule 12(b)(6) motion, the court must determine whether plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *See Twombly*, 550 U.S. at 555.

## III. Discussion

The defendants raise numerous arguments for dismissal, including plaintiff's failure to correctly name proper defendant(s). Defendant Tulsa County asserts merely that it is not a legal entity that can sue and be sued. It cites no authority for that contention. Under Oklahoma law, a suit may be brought against a county, in the name of its Board of County Commissioners. *See Okla. Stat.* tit. 19, § 1 ("Each organized county within the state shall be a body corporate and politic and as such shall be empowered to ... sue and be sued...."); *id.*, § 4 ("In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of ___....'"). Although the defendant's briefing was woefully devoid of legal authorities, it is clear under the law that plaintiff did not properly

name Tulsa County in accordance with § 4.  In any event, as to plaintiff's claim against Tulsa County under § 1983, plaintiff has named the sheriff in this action, and a suit against the sheriff in his official capacity is the same as naming the county.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999) ("[Plaintiff]'s suit against Sheriff LeMaster in his official capacity as sheriff is the equivalent of a suit against Jackson County.").  Accordingly, any inclusion of Tulsa County (even had it been properly named in accordance with Oklahoma law) would be duplicative and unnecessary as to plaintiff's § 1983 claim.  Tulsa County's motion to dismiss is thus granted with respect to the § 1983 claim against it.

The remaining named defendants, the Tulsa County Jail, a/k/a David L. Moss Criminal Justice Center, Stanley Glanz, and the Tulsa County Sheriff's Office (TCSO), seek dismissal on several other grounds.  Initially, the Tulsa County Jail notes that it and the David L. Moss Correctional Center are not proper parties.  The Court agrees.  Courts in this Circuit have repeatedly determined that local police departments and correctional facilities do not have legal identities apart from the municipalities or counties that they serve.  *See, e.g., Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, n.1 (10th Cir. 2002) (unpublished); *Ketchum v. Albuquerque Police Dep't*, No. 93-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992) (unpublished); *Witmer v. Grady County Jail*, No. CIV-10-796-D, 2011 WL 4588910, *2 (Apr. 7, 2011) (unpublished) (dismissing county jail as it was not a legal entity capable of being sued). Accordingly, the Tulsa County Jail, a/k/a David L. Moss Criminal Justice Center, is hereby dismissed from this suit.

Stanley Glanz asserts that the plaintiff's Amended Complaint does not state any claim against him, either in his individual or official capacities. The Court agrees. For his claims against Glanz and the TCSO, plaintiff merely asserts that his Eighth Amendment rights, as incorporated through the Fourteenth Amendment, were violated by "failing to timely provide Plaintiff with a needed medical examination, and accompanying treatment, to confirm the presence of a serious medical need warranting immediate treatment." (Doc. 21 at ¶¶ 22, 27). To the extent that plaintiff seeks to hold Glanz personally liable in a supervisory capacity, such liability under § 1983 may not be premised upon a theory of respondeat superior. *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (citing *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013)). "[M]ere negligence is insufficient to establish supervisory liability." *Johnson v. Martin*, 195 F.3d 1208, 1219 (10th Cir. 1999). To succeed on a supervisory liability theory, a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation." *Booker*, 745 F.3d at 435 (quoting *Schneider*, 745 F.3d at 767). To show that link, "three elements [are] required to establish a successful § 1983 claim against a defendant based upon his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Schneider*, 717 F.3d at 767.

Although federal courts appear to uniformly agree that the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) imposes a stricter liability standard for the personal involvement required for supervisor liability, the Tenth Circuit has not yet determined the precise contours of that standard. *See, e.g., Booker*, 745 F.3d at 435 (noting the contours of the personal involvement requirement "are still somewhat unclear after *Iqbal* ... [but] [w]e need not define those contours here...."). The Tenth Circuit has not overruled its post-*Iqbal* decision that "§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates,

4

implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights ... secured by the Constitution....'" *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Construing his factual allegations as true and applying the foregoing legal standards relating to personal involvement liberally, plaintiff has not asserted *any* facts indicating that Glanz had any personal involvement in delaying care, that any action or inaction by Glanz caused plaintiff's injury, that Glanz was aware of any specific risk to the plaintiff in such delay, that he was even aware of plaintiff's needs whatsoever, or that Glanz was deliberately indifferent in any way. Plaintiff has also not asserted any particular facts indicating that Glanz was responsible for any particular policy that subjected the plaintiff to any alleged deprivation of rights. Accordingly, plaintiff's claim against Glanz under § 1983, to the extent based upon supervisory liability, must be dismissed, for a failure to provide any facts that would state a plausible claim for personal liability of Glanz.

To the extent that plaintiff has asserted an official capacity claim against Glanz, that claim is the same as suing the county. Counties and municipalities cannot be held liable under § 1983 on a respondeat superior theory. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To establish municipal liability, a plaintiff must ultimately demonstrate (1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right and (2) that the policy or custom was the moving force behind the constitutional deprivation (i.e. that "there is a direct causal link between the policy or custom and the injury alleged"). *Id.* at 694-95; *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Thus, when a state actor deprives a person of a constitutional right, municipal liability may be found

when "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) (quoting *Monell*, 436 U.S. at 690). A municipal entity may be liable where its policy is the moving force behind the denial of a constitutional right, *see Monell*, 436 U.S. at 694, or for an action by an authority with final policymaking authority, *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482-83 (1986) (plurality opinion). *See also Seamons v. Snow*, 206 F.3d 1021, 1029 (to establish municipal liability, plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action").

Plaintiff's complaints do not contain a single fact that would support maintenance of a municipal liability claim under § 1983. There are no facts that plausibly state any basis for municipal liability. Plaintiff asserts that there was an 11 day delay in ordering an x-ray for his hand, which he injured during a fight with another inmate, when he allegedly attempted to defend himself with his hand. When he was provided an x-ray of the hand, it revealed a broken bone. He was released from the Jail the next day. Although he alleges delay in seeking diagnostic testing and treatment, there are no facts alleged that would support any claim that the county had a policy of delaying x-ray requests or that any official was deliberately indifferent to a serious risk of which he or she was aware. Accordingly, plaintiff's § 1983 municipal liability claims must be dismissed.

Other than his boilerplate assertions that Glanz and the Tulsa County Sheriff's Office failed to ensure he received timely medical diagnosis and treatment, plaintiff has not indicated that he has any facts that would support any claim under § 1983, for either individual or

6

municipal liability.  Plaintiff failed to set forth any such facts, despite being previously granted leave to amend.  In the dismissal briefing, plaintiff did not request leave to amend a second time or indicate the existence of any additional information that would support his § 1983 claims. Because plaintiff failed to previously cure the obvious deficiencies of his pleading, and it appears that amendment would be futile given the lack of any factual basis supporting a § 1983 claim, the plaintiff's § 1983 claims against the defendants are hereby **dismissed with prejudice**.

This case was removed from state court based upon the presence of a claim under 42 U.S.C. § 1983.  The claim was set forth in plaintiff's original pleading, a Petition filed in state court.  The Petition asserted two state law claims (*see* Doc. 1-2 at 5-7 [First and Third Causes of Action]) and a claim under § 1983 (*see id.* [Second Cause of Action]).  Plaintiff's Amended Complaint, which purports to incorporate the original pleading, added more claims under the Oklahoma Governmental Tort Claims Act and the aforementioned claims under § 1983.  As all § 1983 claims have now been dismissed, the Court will decline to exercise supplemental jurisdiction over the plaintiff's remaining claims, all of which are state law claims.  *See* 28 U.S.C. § 1367(c)(3).  Accordingly, the Court Clerk is directed to **remand** this action to the District Court for Tulsa County, Oklahoma.  To the extent that defendants seek to pursue their partial dismissal motions as they relate to the state law claims (Doc. 6 and 22), they should advise the state court, upon remand, that they wish to renew the dismissal motions as to the state law claims.

IT IS THEREFORE ORDERED that the defendants' dismissal motions (Doc. 6 and 22) are hereby **granted in part**.  Defendant Tulsa County Jail is hereby terminated as a party. Plaintiff's claims under 42 U.S.C. § 1983 are hereby **dismissed with prejudice**.  This action,

which now only involves claims under Oklahoma law, is hereby **remanded** to the District Court for Tulsa County.  This order terminates this action in this Court.

SO ORDERED this 31st day of December, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE